

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1971

Honorable Ward P. Casey
County Attorney
Ellis County Courthouse
Waxahachie, Texas

Opinion No. M-886

Re: Whether under Article
6252-4a, V.C.S., a city
fireman, upon returning
from military leave, is
entitled to credit for
pay purposes for that
time he served in
military service?

Dear Mr. Casey:

In your letter requesting an opinion from this office, you submit the following facts:

"On October 16, 1967, the fireman in question was employed and commenced working for the City of Waxahachie as a fireman. He worked continually from the date of his employment until March 22, 1968, when he entered the Armed Forces of the United States. After serving three years in the military service, and after being honorably discharged therefrom, he applied and went back to work as a fireman for the City on April 1, 1971, where he worked continuously to this date.

"Although the City has no published rules, policies, or ordinances covering the pay scales of firemen and policemen, all firemen who have been employed by the City more than one year are receiving the same salary, with the exception of lieutenants and captains.

"The fireman in question, upon rejoining the department anticipated he would be paid the same salary as other firemen who had more than a year's service.

-4317-

"The City was of a contrary opinion and refused to grant him credit for pay purposes for time spent in the military service. The City contends that Article 6252-4a, V.C.S., provides for credit for time spent in the military service only as to participation in retirement benefits.

"It is our contention that Article 6252-4a is designed to broaden the coverage to municipal employees not previously covered under Sec. 22a Article 1269m, and that a City which has not adopted the Firemen's and Policemen's Civil Service Act is no longer exempt from granting a municipal employee credit for pay purposes for time spent in the military service."

With regard to these facts, you ask the following question:

"Under Article 6252-4a, Vernon's Civil Statutes, is a city fireman, on returning from military leave, entitled to credit for pay purposes for the time spent in military service?"

Your authority to receive an opinion under Article 4399* is found in Section 5 of Article 6252-4a.

Article 6252-4a, Section 3, provides as follows:

"Sec. 3. Any person who is restored to a position in accordance herewith shall be considered as having been on furlough or leave of absence during such absence in Federal or State military service, and shall be entitled to participation in retirement or other benefits to which employees of the State of Texas or any political subdivision, state institution, county or municipality thereof, are, or may be, entitled and shall not be discharged from such position without cause within one year after such restoration." (Emphasis added.)

In a letter from the District Attorney of Dallas County requesting an opinion from this office on a similar question, it was stated as follows:

*All references to Articles are to Vernon's Civil Statutes.

"It is our contention that said Art. 6252-4a
is designed to broaden the coverage to other State and
Municipal employees which firemen and policemen pre-
viously had under the provisions of Art. 1269m. ....
We also believe that as a matter of Statutory con-
struction we may look to the provisions of Sec. 3 of
Art. 6252-4a which speaks of 'participation in
retirement or other benefits' in determining the
legislative intent."

In answering this contention it was stated in Attorney
General's Opinion No. M-250 (1968) that:

"We agree with your liberal interpretation of these
statutes and your conclusions.  This office, in Attorney
General's Opinion No. C-679 (1966), in interpreting
this type of statute, '...noted that the courts of this
State have consistently construed statutes liberally
in favor of patriotic service and are loath to penalize
State employees who perform such services ...', citing
numerous past opinions of this office.  It is the opinion
of this department that a city fireman, on returning from
military leave prior to the effective date of Article
6252-4a, Vernon's Civil Statutes, is entitled to credit
for pay purposes for the time spent in military service.
Such a procedural and remedial statute is not only con-
strued liberally but may be applied retroactively.
53 Tex.Jur.2d 53, Statutes, Sec. 29."

On the basis of the holding in Attorney General's Opinion
M-250 (1968) and the facts submitted, it is our opinion that
under the provisions of Article 6252-4a, Section 3, a city fire-
man on returning from military leave is entitled to credit for
pay purposes for the time spent in military service.

### S U M M A R Y

Under the provisions of Article 6252-4a,
Section 3, Vernon's Civil Statutes, a city fireman

on returning from military leave is entitled to credit for pay purposes for the time spent in military service.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Ben Harrison
Harriet Burke
Thomas Sedberry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant